UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIFFANY THOMAS,

    Plaintiff,

v.                                                   Case No. 8:11-cv-87-T-24-MAP

HILLSBOROUGH ASSOCIATION FOR
RETARDED CITIZENS, INC., d/b/a/ HARC,

    Defendant.

_____/

## ORDER

This cause comes before the Court on Defendant's Motion to Dismiss Count VI of Plaintiff's Complaint. (Doc. No. 4). Plaintiff opposes this motion. (Doc. No. 6).

**I.    Background**

Plaintiff alleges the following in her Complaint (Doc. No. 2): Defendant employed Plaintiff from 2002 through February 4, 2009. Plaintiff was subjected to discriminatory and harassing comments, actions, and innuendos from her superiors throughout the course of her employment. Plaintiff reported the ongoing inappropriate behavior to at least three of Defendant's supervisors, but the conduct continued.

In late November or early December 2008, Plaintiff refused to falsify a list of names Defendant needed in order to receive grant funding. On February 3, 2009, Plaintiff received a written disciplinary notice citing tardiness and attendance. On February 4, 2009, Plaintiff's employment with Defendant was terminated for alleged misuse of the corporate credit card.

Plaintiff asserts the following six claims against Defendant: (1) retaliation in violation of the Florida Whistleblower Act; (2) sexual harassment in violation of Title VII of the Civil Rights

Act; (3) sexual harassment in violation of the Florida Civil Rights Act; (4) retaliation in violation of Title VII of the Civil Rights Act; (5) retaliation in violation of the Florida Civil Rights Act; and (6) negligent retention and supervision. Defendant filed an answer and affirmative defenses as to Counts I through V, (Doc. No. 5), and the instant motion to dismiss Count VI. (Doc. No. 4).

## II.     Standard of Review for a Motion to Dismiss

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. *See Murphy v. Federal Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000) (citing *Kirby v. Siegelman*, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he or she bases his or her claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The standard on a Rule 12(b)(6) motion is not whether the plaintiff will ultimately prevail on his theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. *See Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986).

## III.    Motion to Dismiss Count VI

In Count VI of the Complaint, Plaintiff alleges negligent retention and supervision on the grounds that Defendant negligently failed to protect its employees from sexual harassment. Defendant moves the Court to dismiss Count VI because Plaintiff fails to state a claim for which relief can be granted as Florida law does not recognize a common law cause of action for sexual harassment. (Doc. No. 4). In response, Plaintiff asserts that although Florida does not recognize

a common law cause of action for sexual harassment, Count VI is valid because it is based on the common law doctrine of promissory estoppel. (Doc. No. 6). For the following reasons, the Court finds that Count VI should be dismissed.

"Under Florida law, the underlying wrong allegedly committed by an employee in a negligent supervision or negligent retention claim must be based on an injury resulting from a tort [that] is recognized under common law." *Scelta v. Delicatessen Support Servs.*, 57 F. Supp. 2d 1327, 1348 (M.D. Fla. 1999) (citations omitted). "Florida law does not recognize a common law cause of action for sexual harassment." *Id.* Accordingly, "Florida law does not recognize a common law cause of action based on the negligent failure to maintain a workplace that is free of sexual harassment." *Id.*; *see also Merrick v. Radisson Hotels Intern., Inc.*, 2007 WL 1576361, at *5 (M.D. Fla. May 30, 2007) (dismissing a negligent retention/supervision claim based on sexual harassment).

Although Plaintiff concedes that Florida law does not recognize a common law cause of action based on the negligent failure to maintain a workplace free of sexual harassment, Plaintiff argues that her claim for negligent retention and supervision is valid because it is based on an underlying cause of action for promissory estoppel. Plaintiff contends that she has a claim for promissory estoppel because Defendant's Policy and Procedure Manual "prohibits sexual harassment" and Plaintiff relied on Defendant's policy to investigate claims of sexual harassment and to protect her from sexual harassment. Plaintiff's argument has no merit.

Promissory estoppel is derived from contract law, not tort law. *See Roberts v. Rayonier, Inc.*, 135 F.App'x. 351, 362 (11th Cir. 2005) (noting that "the purpose of the doctrine of promissory estoppel is to provide a remedy in the absence of an enforceable contract" (citations omitted)); 28 Am. Jur. 2d *Estoppel and Waiver* § 35 (2010). Because promissory estoppel is a

cause of action arising out of contract law, it cannot serve as a valid underlying common law tort in a negligent retention or supervision claim. As noted *supra,* "the underlying wrong allegedly committed by an employee in a negligent supervision or negligent retention claim must be based on an injury resulting from a tort [that] is recognized under common law". *See Scelta*, 57 F. Supp. 2d at 1348.

Equitable estoppel, on the other hand, derives from tort law, but is a defensive doctrine. *See Fla. Agency for Health Care Admin. v. MIED, Inc.*, 869 So. 2d 13, 20 (Fla. 1st DCA 2004) (reversing a jury's verdict after the trial court allowed a cause of action based on equitable estoppel); 28 Am. Jur. 2d *Estoppel and Waiver* § 35. Thus, neither promissory estoppel nor equitable estoppel are appropriate underlying torts for Plaintiff's negligent retention and supervision claim. Because Plaintiff's claim for negligent retention and supervision is not based on a tort recognized under Florida common law, Plaintiff has failed to state a claim for which relief can be granted.

## IV. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion to Dismiss Count VI of Plaintiff's Complaint (Doc. No. 4) is **GRANTED**. Count VI of Plaintiff's Complaint is dismissed with prejudice.

**DONE AND ORDERED** at Tampa, Florida, this 10th day of February, 2011.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record